O. T. STEPHENS v. J. T. HOBBS ET AL.

Decided June 17, 1896.

1. Exemptions—For Home Consumption.

Where cotton seed levied upon was claimed under the statute exempting "all provisions and forage on hand for home consumption" (Rev. Stats., art. 2395) it was error to charge that, to be exempt, it must be "necessary for home consumption." The exemption is not limited to what is indispensable, but embraces the supply reserved for the purpose, if not unreasonably excessive.

2. Same.

It seems that the exemption does not extend to property not reserved for home consumption, but held for sale, though it might have been exempt if so reserved; and that the fact that it was intended to be sold for the purpose of supplying other necessaries for family consumption will not entitle it to exemption.

APPEAL from the County Court of Fannin County. Tried below before Hon. J. Q. CHENOWETH.

*R. B. Young, Robert B. Semple* and *Richard B. Semple,* for appellant.—If the cotton seed were reserved for home consumption, whether they were necessary was not a question for the jury. Sayles' Civ. Stats., art. 2335; Anderson v. Larremore, 1 White & W. C. C., sec. 951; Robinson v. Robertson, 2 Willson, C. C., sec. 253; Neeper v. Irons, 3 Willson, C. C., sec. 183.

The court erred in charging the jury in charge No 4, that if they believed from the evidence that plaintiff was not holding said cotton seed

for family consumption but was disposing of the same otherwise they should find for all the defendants, because, first, if plaintiff was disposing of a part of said cotton seed after he had stored them in his cotton seed house, a sale of a part of said cotton seed by plaintiff would not forfeit his right of exemption as to the entire amount; second, if said cotton seed were exempt from forced sale, the fact that plaintiff intended, or was in the act of disposing of them would not forfeit his right to their exemption from forced sale. Scott v. Dyer, 60 Texas, 135; Freeman on Ex., sec. 214a; Thompson, Home. & Exemp., sec. 815.

The court erred in refusing to read to the jury special charge No. 4, requested by plaintiff, which reads as follows: If the cotton seed was such food as is suitable for feeding cattle and had been provided by plaintiff for feeding his cattle and for planting his cotton crop for the year 1894, the fact that plaintiff when said cotton seed was levied upon was in the act of selling the same, would not thereby lose to him his right of such exemption, provided he was intending in making such sale to provide other articles of necessity for his family with the proceeds of such sale. Conner v. Hawkins, 66 Texas, 639.

[No briefs for appellee have reached the Reporter.]

KEY, ASSOCIATE JUSTICE.— *Opinion.*—Appellant sued appellee, T. J. Hobbs, and the sureties on his bond as constable, for damages for seizing under execution and selling certain cotton seed claimed by appellant to be exempt from forced sale under the provision of the statute exempting to families "all provisions and forage on hand for home consumption."

The court below charged the jury, in effect, that in order for the cotton seed to be exempt they must find from the evidence that they were necessary for home consumption; and this phase of the charge is complained of by appellant, and we think justly so. The word "necessary" signifies essential, indispensable, requisite (Webster's Dictionary). Now it is not required that a particular kind of forage be indispensable in order to bring it within the purview of the exemption statute. If it be suitable for feeding stock, and the supply reserved for home consumption be not unreasonably excessive, it is exempt, although some of it may not, in view of other forage on hand, be absolutely indispensable.

The testimony tended to show that appellant had a considerable quantity of corn; and therefore, under the charge referred to, the jury may have concluded that he was not entitled to any exemption on cotton seed.

Assignments of error presenting other questions are not well taken.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*