MARVIN MARTIN AND WILL McCRACKEN v. THE STATE.

No. 1610.    Decided November 3, 1897.

**Theft—Declarations of Codefendant—Charge.**

On a joint trial for theft of cattle, where it was made to appear that each of the defendants, in the absence of his codefendant, had made a statement to the alleged owner, neither of said statements being a confession or admission of any criminative fact, and the court in the charge instructed the jury, "You can not consider as evidence against either one of the defendants the statements of the other made out of his presence or hearing, if any such statements were made; but you may consider as evidence, against either of the defendants, any statement made by himself, if any such statement was made; Held, a charge upon the weight of evidence, inasmuch as it tells the jury they may consider any statement made against the party making it, whether criminative or not, and evidently was such an instruction as to leave the jury to infer that, in the mind of the court, the defendant, or one of them, had made statements which might be used against them, or him.

APPEAL from the District Court of Childress. Tried below before Hon. G. A. BROWN.

Appeal from a joint conviction for theft of cattle; the penalty assessed being two years imprisonment for each defendant in the penitentiary.

In view of the disposition made of the case, in the opinion, it is unnecessary to make a general statement of the case as made by the evidence.

*Johnson & Fires,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellants were convicted of the theft of cattle, and given two years each in the penitentiary; hence this appeal.

At the Austin term, 1897, we prepared an opinion affirming this case, but the opinion was not rendered. The case was resubmitted at the present term of the court, and the question presented with reference to the

charge of the court being on the weight of the testimony is again urged as a reason why this judgment should be reversed.

We have had occasion to examine the charge of the court more critically. The charge of the court on this subject is as follows: "In arriving at your verdict in this case, you may consider all the facts and circumstances in evidence before you, but you can not consider, as evidence against either one of the defendants, the statements of the other made out of his presence or hearing, if any such statements were made; but you may consider, as evidence against either of the defendants, any statement made by himself, if any such statement was made." This charge was excepted to at the time by counsel for appellants.

Both appellants made statements while under arrest, after they had been warned. The witness McLaughlin stated that he asked Will McCracken whether he took his calves, and if he did not know they were his (witness') calves, to which he replied, "I did not know your calves, and, by God, I don't want to know your calves," and said defendant denied going down where the calves were tied. Martin (the other defendant), after this same witness (McLaughlin) had told him about seeing him and Will McCracken among his cattle in the Kinney pasture the day his calf was taken, and about hunting the cattle the next day, and finding the calves tied out in the rough country, in the head of a canon, and about watching the calves, and finding them, and seeing the defendants going to the calves, and pass on, watching the calves, stated that he asked said defendant "if it did not look like he got his calves," to which defendant replied he supposed so, but denied that he was ever over there in the Kinney pasture where witness' calves were taken; and he said they had rode down to where the calves were in the "draw," to see whose calves they were, and he thought of turning them loose, but decided to leave them.

This was all of any statement made by either of said defendants, said statements attributed to each defendant being made in the absence of his codefendant. Said statements were not unequivocal confessions or the unequivocal admission of any criminative fact, but were mere statements that might, in connection with other facts and circumstances, be considered by the jury in arriving at their verdict. They might consider them criminative or not criminative, and for the court to suggest to them that they could consider such statements as against the defendant making them was, in effect, informing the jury that the statements were criminative as against the defendant making them, or the instruction was such as to leave the jury to infer that, in the mind of the court, said statements were of a criminative character, at least such as might be used against the defendant making the same. This in our opinion was a charge on the weight of the testimony, which is expressly prohibited by our statute. See Rev. Code Crim. Proc., arts. 715, 716. Undoubtedly, the learned judge, in trying this case, meant merely to limit said statements as to the defendant making the same; but the language here used not only so limits the statement as to the defendant making

the same, but goes further, and tells the jury that they may consider such statement as against the defendant making it. Now, looking to the statement itself, the jury ought to have been left the sole judges as to how they would construe it, and as to whether or not they would consider it at all against either of said defendants. They might, under the circumstances of the case, consider said statements in connection with the other facts and circumstances in favor of the defendant making the same, if left untrammeled by the charge of the court.

For this error of the court in charging on the weight of testimony, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

HURT, Presiding Judge, absent.