## A. C. STEPHENS v. THE STATE.

No. 3548.    Decided March 14, 1906.

**1.—Embezzlement—Indictment.**

See opinion for indictment brought under article 938, of the Penal Code, for embezzlement held to be sufficient on motion to quash. Following *Goodwyn v. State,* 64 S. W. Rep., 251.

**2.—Same—Evidence—Confession—Warning—Bill of Exceptions.**   -

Where upon trial for embezzlement, the record on appeal showed that the warning given to defendant was within such time as that he must have been charged with notice of the warning when he made the confession, although the same was not contemporaneous with the warning, but was made in such proximity as to time and under circumstances reasonably showing that he was mindful of the warning when he made the statement, the same was receivable in evidence; besides the bill of exceptions does not contain the testimony objected to, and the court is not required to look through the records and determine under what circumstances the confession was made.

**3.—Same—Written Instrument—Receipt—Parol Explanation.**

Where upon trial for embezzlement the written instrument upon which the prosecution was predicated, was in the nature of a receipt for money and is not contractual in its character, the same was subject to explanation by parol testimony; especially where the deposit was not to a bank but a private person, even though the receipt recited that the money was deposited subject to the depositor's order on demand.

**4.—Same—Subject of Embezzlement.**

In a prosecution for embezzlement, where the defendant received money from the prosecutor for safe keeping with a right to deposit the same in a bank, it made

no difference whether the act of deposit in the bank by defendant in his name was a conversion, or the subsequent withdrawal of the money from the bank after such deposit, was the conversion, the effect would be the same.

Appeal from the District Court of Potter. Tried below before the Hon. Ira Webster.

Appeal from a conviction of embezzlement; penalty, two years confinement in the penitentiary.

The testimony for the State showed that the prosecutor turned the money over to the defendant, to be deposited in a bank when he had an opportunity, and that the prosecutor took a receipt therefor as set out in the opinion; the defendant was to keep the money for safe keeping. Defendant deposited the money in bank and afterwards drew it out on his own checks and used it; he admitted to prosecutor, after being duly warned by the officer, that he would not have used the money if he had not been drunk.

*Del W. Harrington* and *Preston Martin,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of embezzlement, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

Appellant made a motion to quash the indictment on the ground of its alleged insufficiency. The indictment was brought under article 938 of our Penal Code, and has been held sufficient in Goodwyn v. State, 64 S. W. Rep., 251. We understand the facts there and here to be in a measure similar. We do not deem it necessary to enter into a rediscussion of this phase of the case.

The bill of exceptions with reference to the proof of the confession or statement made by appellant to Chas. Monroe, shows that the statement was made after sufficient warning. True the warning was not given by Monroe, but was given by the sheriff, and was within such time as that appellant must have been charged with notice of the warning when he made the statement. McDaniel v. State, 10 Texas Ct. Rep., 923, and authorities there referred to, cited by counsel for appellant, we do not believe are in point. Barth v. State, 39 Texas Crim. Rep., 381. We deduce from the authorities that the confession need not be contemporaneous with the warning, if it is made in such proximity as to time and under circumstances reasonably showing that appellant was mindful of the caution and warning when he made the statement, the same is receivable in evidence. Baker v. State, 25 Texas Crim. App., 2; Maddox v. State, 41 Texas 206; Adams v. State, 35 Texas Crim. Rep., 285. Under these last named authorities, by searching through the record, it reasonably appears that appellant was mindful of the warning when he made the statement though he did not make it to the same person who gave the warning. However, there is another question

which we think disposes of this matter. There is no distinct bill in the record to this testimony; but, as taken we are required to look through the record and gather from several witnesses the testimony in regard to said confession and the circumstances under which it was made. We do not understand that we are required to do this. If a party takes a bill of exceptions in his statement of facts, the evidence connected with the bill must appear immediately in connection therewith, and we will not look through the entire record and examine the testimony of various witnesses to see whether a party has made out a complete bill of exceptions. If such were the rule our duties would be interminable, and would require us to first find the testimony bearing on the point, and then to construe its bearing. We do not understand the rules with reference to bills of exception require this at our hands. Accordingly we hold that this bill is defective.

The important question for our consideration is whether or not the written instrument, upon which this prosecution is predicated, is such an instrument as can be explained by parol; and whether or not the same is of itself unexplained, the subject of embezzlement; that is, whether funds received under such an instrument can be embezzled. Said instrument is of the following form:

"Twist, Tex., Aug. 9th, 1905.

"Received of Chas. Monroe the sum of $210 (two hundred and ten dollars), subject to his order, on demand.

"The J. E. Hutt Contg. Co.

"Per A. C. Stephens."

The contention of appellant is to the effect that said instrument is in writing and is contractual in its terms, and cannot be explained or contradicted by parol testimony; that the contract itself shows that appellant had a right to use the money, and was required to repay it on demand. Objection was made to the introduction of any testimony varying appellant's construction of this instrument. Over such objection, however, parol testimony was admitted on the part of the State to show that appellant was the clerk or employee of the Hutt Contracting Company, at a railroad camp; that said company furnished supplies, etc., to the employees and laborers connected with the railroad; that the prosecutor, Monroe, had $210, which he desired taken care of, and deposited in the bank at Dalhart; and that he gave this money to appellant to be deposited in said bank. The proof further showed that appellant did deposit the same in said bank, and subsequently drew it out and appropriated it. With reference to the construction of said instrument we would observe that if it is a mere receipt and not contractual, it is subject to explanation and contradiction by parol testimony. Or, if there is ambiguity about said instrument as to whether the same is a receipt or contractual, it is subject to parol testimony, explaining or contradicting it. See 1 Elliott on Evidence, p. 617, and authorities there cited.

7 Words and Phrases, p. 5988. The authorities we understand hold that a mere certificate of deposit is in the nature of a receipt and may be explained. This would especially be true where the deposit was not a bank. In such case the custom of the bank might not enter into the matter. In this case, the party receiving the money was not a bank but a private person. It is contended, however, that the clause at the end of said receipt, "subject to his order on demand," takes it out of the category of a mere receipt explainable, but shows it to be a contract which authorized appellant to use said money, and to restore its equivalent on demand. In our view, appellant being a private person, and not a bank, to say the least, as to this clause it rendered the receipt ambiguous and as such is explainable. If this instrument had been executed by a bank and the custom in regard to deposits shown to be subject to use by the bank as a general deposit, it would not be the subject of embezzlement. If on the contrary, it were a special deposit, it might be the subject of embezzlement. However, in the hands of a private person, does the clause which follows a receipt in general terms "subject to his order on demand" constitute it such an instrument as makes the fund in his hands subject to his use as a loan and so not the subject of embezzlement? Or is it of that character which is subject to explanation by parol evidence? As stated above, we think it is of the last named character. See this character of instrument discussed in Long v. Straus (Ind.), 6 N. E., p. 123. We think it could be shown by the State that the delivery of said money to appellant was for a specific purpose inconsistent with a loan or authority on the part of appellant to use and appropriate the same to his own use. On the other hand, it was permissible for appellant to show that the purpose in the execution of said paper was to authorize him to use said money and to return or restore it on demand. The State, as above shown, introduced evidence showing that the money was deposited by Chas. Monroe (prosecutor), with appellant for safe keeping, and to be deposited by him in bank. We do not understand this evidence to have been met by any testimony on the part of appellant showing that the purpose of said payment of $210 by prosecutor to him, was in any wise different from the purpose as above stated. Consequently the money was subject to embezzlement.

It is also contended that inasmuch as appellant had the right to deposit the same in his own name, that the subsequent withdrawal of the same from the bank by him would not constitute an embezzlement. We do not believe it makes any difference whether the act of deposit by appellant in his own name was a conversion, or the subsequent withdrawal of the money from the bank after its deposit in appellant's own name, was the conversion, the effect would be the same. In either event appellant would be liable for the embezzlement of the money.

It is not necessary to discuss other matters. There being no error in the record, the judgment is affirmed.

*Affirmed.*