On Motion for Rehearing.
MORROW, P. J.
A review of all the matters to which the motion for rehearing relates would be but a repetition of the original opinion.
On the point made that our conclusion was wrong touching the admissibility of the evidence explaining the words, “oh, you know what,” contained in a letter written by the witness Derrick to the prosecutrix, we are confirmed, by further examination of the subject, in the conclusion heretofore stated. In the case of Ochoa v. State, 87 Tex. Cr. R. 318, 221 S. W. 973, to which appellant refers, the rule applied was that the opinion of the witness to the meaning of a letter was not to be received. In this case, the rule applied is that pertaining to the explanation of an ambiguous statement by the person who made it. As we indicated in the original opinion, we regard the evidence within the terms of article 811 of the Criminal Code, which declares that when a detailed act, declaration, conversation, or writing is given in evidence any other act, declaration, or writing which is necessary to make fully understood or to explain same may be given in evidence. The state, in this case, introduced- a letter containing the declaration mentioned, which obviously refers to some other declaration or transaction previously made. The words, “oh, you know what,” unexplained, may be given many interpretations. The evidence introduced explaining the transaction to which they did refer apparently was properly received in obedience to the command of the statute mentioned. Whether so or not, its admissibility should be upheld on the ground that it explained ambiguous language in the letter introduced by the adverse party. These precedents we deem in point: Cox v. State, 7 Tex. App. 495; Vestal v. State, 3 Tex. App. 648; Stephens v. State, 49 Tex. Cr. R. 489, 93 S. W. 545; Matkins v. State (Tex. Cr. App.) 62 S. W. 911; Hamer v. State, 60 Tex. Cr. R. 341, 131 S. W. 813; Novy v. State, 62 Tex. Cr. R. 492, 138 S. W. 139; Jones v. State, 35 Tex. Cr. R. 565, 34 S. W. 631; Kelley v. State, 43 Tex. Cr. R. 40, 62 S. W. 915. See, also, cases listed in 2 Vernon’s Tex, Crim. Stat. p. 759. The cases cited are illustrative of the rule that an ambiguous writing may be explained by paroles
The motion for rehearing is overruled.