## JEFF MIKEL v. THE STATE.

### No. 2272. Decided April 30, 1902.

**1.—Wife Murder—Evidence of Express Malice.**

On a trial of defendant for the murder of his wife, evidence that the parties had separated, and that after the separation defendant had threatened that if his wife did not come back and live with him he would kill her, and that she had refused to return and live with him, was sufficient to authorize the jury to find that the murder was committed upon express malice.

**2.—Same—Deadly Weapon.**

On a trial for murder, where it appeared that deceased's head had been crushed in by a blow from a grubbing hoe, and that this caused her death; and the witnesses testified, and the evidence demonstrated, that the said hoe was a deadly weapon, and the court charged the jury that they could only find defendant guilty in the event they found the grubbing hoe was a deadly weapon, from the manner of its use, this was sufficient as to the deadly character of the hoe.

**3.—Idem Sonans.**

"Mikel" and "Mikil" are idem sonans.

**4.—Charge—Reasonable Doubt.**

A charge of the court which instructed the jury to acquit if they had a reasonable doubt of defendant's guilt, is sufficient, although the charge omitted to tell them that they must have such reasonable doubt "from the evidence." The phrase, "from the evidence," does not appear in article 765, Code of Criminal Procedure, with regard to presumption of innocence and reasonable doubt.

**5.—New Trial—Statement of Facts Filed After Adjournment.**

A statement of facts on an issue raised, and motion for new trial, filed after adjournment of the court for the term, can not be considered. Where a statement of facts is authorized to be filed after adjournment of the term, this has reference to and is limited solely to those facts adduced before the jury upon the issue of defendant's guilt or innocence.

**6.—Murder—New Trial—Prejudiced Juror.**

On a trial for murder, one of the grounds in the motion for new trial was, that one of the jurymen had stated before the trial, "If I get upon the jury, I am going to hang him" (defendant), which was supported by affidavit, which the impugned juror expressly denied in a counter affidavit. Held, the trial court having passed upon the question of fact, the matter will not be reviewed on appeal.

Appeal from the District Court of Lee. Tried below before Hon. Ed. R. Sinks.

Appeal from a conviction of murder in the first degree; penalty, death.

Appellant was charged by the indictment with the murder of Nancy Mikel (his wife) on the 12th day of April, 1901, by striking her with a grubbing hoe and by shooting her with a pistol.

The parties to the killing were negroes. The important facts which brought about and were attendant upon the killing are concisely but lucidly stated with sufficiency in the opinion.

*Ed. T. Simmons* and *W. O. Bowers,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, Judge.—An indictment containing two counts was returned against appellant for the murder of his wife. Upon the trial he was convicted of murder in the first degree, and his punishment assessed at death.

We find no bills of exception in the record.

In his amended motion for new trial appellant complains that the evidence does not support the verdict, in that there is no evidence showing express malice; that the undisputed evidence shows a homicide committed under the immediate influence of sudden passion. The following is substantially the facts adduced by the State: Appellant and his wife had separated; after the separation appellant by positive threats stated to several witnesses that if deceased did not come back and live with him that he would kill her. Deceased refused to live with appellant, and this, coupled with the threats as above stated, would indicate express malice, at least would be sufficient for the jury to so find. Hall v. State, 35 Texas Crim. Rep., 565.

Appellant contends that the court erred in not specifically defining what constituted a deadly weapon. The evidence shows that appellant attacked and shot deceased with a pistol, and also struck her with a grubbing hoe. As to the issue of whether or not the grubbing hoe was a deadly weapon, it is shown that the same had a handle about two feet long, made of sound mulberry wood. The sheriff testified that it was a deadly weapon. The physician testified that the wound appeared to have been made with a grubbing hoe; that the wound was a little longer than the width of the hoe. The hoe had blood upon it, and the eye had hair upon it, answering to the description of deceased's hair. The handle had been broken at the eye of the hoe. Deceased's head was crushed in by the blow from the grubbing hoe, at least this is the inference from the evidence. One witness testified that the weapon could easily produce death in the hands of a man. Deceased was shot in the shoulder and in the arm near the wrist. However, the lick with the hoe evidently caused the death of deceased, and the evidence clearly demonstrates it to have been a deadly weapon; and the witnesses so testified. Logan v. State, 53 S. W. Rep., 694; Carlisle v. State, 28 Texas Crim. App., 266. We note, in this connection, that the trial court instructed the jury that they could only find defendant guilty in the event that they found that the grubbing hoe was a deadly weapon from the manner of its use. We think this would have been sufficient, even if there had been any issue as to the deadly character of the weapon.

Appellant insists that the court erred in not quashing the indictment, because the first count charges that the defendant killed and murdered one "Nancy Mikel," while in the second count it charged that he killed and murdered one "Nancy Mikil." The indictment as transcribed in this record does not bear out appellant's contention. However, the names are idem sonans, and even if so spelled, would not be ground for quashing the indictment.

Appellant further contends that the court erred in his charge upon the presumption of innocence, in that it told the jury, if they have a reasonable doubt as to the defendant's guilt, they should acquit; his contention being, that the court should have told the jury that if they have a reasonable doubt "from the evidence," they should acquit. We have held that a charge, that if the jury have a reasonable doubt from the evidence, was not error. Tomlinson v. State, 43 S. W. Rep., 332. And such a charge has been upheld in numerous cases. See Buckler's Digest, p. 1320. It will be seen from an inspection of article 765, Code of Criminal Procedure, that the phrase, "from the .evidence," does not appear therein. We have specifically held this charge correct. ·Johnson v. State, 20 S. W. Rep., 368; Gaines v. State, 20 S. W. Rep., 397.

Appellant also insists that the court should have granted his motion for new trial, because one of the jurors was not impartial; that prior to being accepted by appellant he had stated that defendant was guilty and ought to be hanged, and that if he was on the jury he would hang defendant. We note, in the transcript, a long statement of facts pro and con on this question, but the same can not be considered by us, as it was filed ten days after the adjournment of the court for the term. It is true the record contains an order granting ten days in which to file statement of facts; but the statement of facts authorized to be filed after the adjournment of the court is limited solely to those facts adduced before the jury upon the issue of guilt or innocence. This question has been expressly so decided in Black v. State, 41 Texas Criminal Reports, 185. In the absence of the facts on this question, we are relegated to the motion for new trial, which contains an affidavit of William Nunn to the effect that the juror had stated the following, prior to the trial: "I do not see how they can do anything else with Jeff Mikel except hang him; and if I get upon the jury, I am going to hang him." This statement is expressly denied by the juror in an affidavit attached to the motion. The trial court has passed upon this question, viewing the credibility of the witnesses, and it is not a matter that we can review. Belcher v. State, 37 S. W. Rep., 428.

The only remaining question to be considered by us is the sufficiency of the evidence. In our opinion the evidence shows beyond a reasonable doubt that appellant, with express malice, sought out his wife, shot her, and crushed her head with a grubbing hoe, because she would not live with him. The facts show that degree of cruelty and wantonness and reckless disregard of all social duty that authorized the jury in inflicting the highest penalty under the law. The judgment is affirmed.

*Affirmed.*