## W. E. McElroy v. The State.

### No. 1915. Decided October 20, 1912.

**Mortgaged Property—Fraudulent Disposition of—Indictment—Indebtedness.**

Where, upon trial of fraudulently disposing of mortgaged property, the indictment failed to alleged the consideration for said mortgage, or what indebtedness it was to secure, the same was fatally defective.

Appeal from the District Court of Cherokee. Tried below before the Hon. James I. Perkins.

Appeal from a conviction of fraudulently disposing of mortgaged property; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Norman & Shook,* for appellant.—On question that indictment must allege fact of indebtedness: Strickland v. State, 19 Texas Crim. App., 518; Woolsey v. State, 14 id., 57; Henderson v. State, 14 Texas, 503; State v. Webb, 41 id., 67; Hale v. State, 8 id., 171; Gaddy v. State, 8 Texas Crim. App., 127; Huntsman v. State, 12 id., 619; Kerry v. State, 17 id., 178; Lasindo v. State, 2 id., 59; Gray v. State, 7 id., 10; White v. State, 11 id., 476; Walton v. State, 12 id., 117; Lagrone v. State, 12 id., 426; Melton v. State, 12 id., 552; McAfee v. State, 38 Texas Crim. Rep., 124; Bryan v. State, 54 Texas Crim. Rep., 18, 111 S. W. Rep., 744.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted for

fraudulently disposing of mortgaged property, the indictment, omitting formal parts, alleging that appellant did on or about October 28, 1908, execute, give and deliver to the Citizens State Bank at Bullard, Texas, a valid mortgage in writing upon certain personal and movable property, to wit: two dark bay mare mules, 2 years old past, known as Dr. Hunter mules; and thereafter, on or about the 3d day of February, 1909, did fraudulently and unlawfully, with intent to defraud the said Citizens' State Bank, sell the said property, to wit: two dark bay mare mules, 2 years old past, known as Dr. Hunter mules, to T. S. Langston, without the consent of the said bank, which said bank was then and there the legal owner and holder of said mortgage, and the said mortgage was, at the time of the said sale of the said property, as aforesaid by the said W. E. McElroy, a valid, subsisting, unsatisfied mortgage, upon the said property, as he then and there well knew.

It will be noticed that the indictment does not set out the mortgage, nor the substance thereof, in that it fails to state the consideration for said mortgage, nor what indebtedness it was to secure. The pleading would be insufficient to secure a judgment of foreclosure in a civil suit. A mortgage would not be valid unless it was given to secure an indebtedness, or other consideration. To secure a conviction it was necessary to prove that there was an indebtedness for a given amount, and that it was unpaid. If there was no indebtedness, or other right secured by the mortgage, a disposition of the property could and would not defraud any person. It is the better practice to set out the mortgage, or state the substance of it, in the indictment, and to be a valid indictment it must at least set out that it was given to secure an indebtedness, naming the amount, and that the debt was unpaid. It is essential to prove these facts, and they should be alleged.

We do not deem it necessary to discuss the other questions raised. The judgment is reversed and the prosecution is ordered dismissed.

*Reversed and dismissed.*