J. L. RUDY v. THE STATE.

No. 4440. Decided May 2, 1917.

Rehearing denied May 23, 1917.

**1.—Anonymous Letter—Information—Letter Must Be Set Out.**

Where, upon trial of sending an anonymous letter, the information failed to allege the words and tenor which reflected upon the chastity, virtue, good character, and reputation of the party named in the information, the same was insufficient on motion to quash.

**2.—Same—Rule Stated—Language of Statute.**

Notwithstanding, the general rule is that in describing the offense in an indictment, it is sufficient to follow the language of the statute, there are instances which form exceptions to this general rule, and in which more certainty is required, either from the obvious intention of the Legislature or from the application of known principles of law. Following Wills v. State, 24 Texas Crim. App., 400, and other cases. Prendergast, Judge, dissenting.

**3.—Same—Pleading—Instrument Should Be Set Out in the Indictment.**

Where a written instrument enters into an offense as a part or basis thereof, or when its proper construction is material, the instrument should be set out in the indictment. Following White v. State, 3 Texas Crim. App., 605, and other cases. Qualifying Bradfield v. State, 73 Texas Crim Rep., 353.

**4.—Same—Threatening Letter—Indictment—Rule Stated.**

Where the offense consists in the sending of a threatening letter for the purpose of extorting money, it is not sufficient to charge the offense alone in the statutory words, and the letter itself should be set out in the indictment, or such a description given of it that the court may judge of its character. Following Tynes v. State, 17 Texas Crim. App., 123, and other cases.

**5.—Same—Disqualification of Judge.**

Where the bill of exceptions did not show the disqualification of the trial judge, there was no reversible error.

**6.—Same—Evidence—Other Transactions—Letter.**

Where the letter on which the prosecution was founded was referred to therein, there was no error in admitting this letter in evidence as res gestae, etc.

**7.—Same—Experts—Comparison of Handwriting.**

Upon trial of sending an anonymous letter, etc., there was no error to show by expert testimony that the two letters in evidence were written upon the same typewriter, under the rule of comparison of handwriting.

Appeal from the County Court of Montague. Tried below before the Hon. Homer B. Latham.

Appeal from a conviction of sending an anonymous letter; penalty, a fine of two hundred and fifty dollars.

Appellant contended that the trial judge had contributed money to the prosecution of the defendant and had advised and counseled with the county attorney as to how a criminal case against the defendant should be conducted, and offered proof to show this fact, which the court refused to hear. This was shown by a motion supported by affidavit of the defendant which the court peremptorily refused to hear.

The opinion states the case.

*Lattimore, Bouldin & Lattimore,* for appellant.—Upon question that the trial judge contributed money to a prosecution of the defendant and had advised and counseled with the county attorney as to how a criminal case against defendant should be conducted so as to disqualify the judge: Durham v. State, 58 Texas Crim. Rep., 143, 124 S. W. Rep., 932; Hart v. State, 61 Texas Crim. Rep., 509, 134 S. W. Rep., 1178; Graham v. State, 43 Texas Crim. Rep., 110, 63 S. W. Rep., 558.

On question that written instrument must be set out in the information: Baker v. State, 14 Texas Crim. App., 332; Coulson v. State, 16 id., 189; Tyne v. State, 17 id., 123; Castle v. State, 23 id., 286; Brown v. State, 26 id., 540; Thompson v. State, 16 id., 159; Earl v. State, 33 Texas Crim. Rep., 570; Hanson v. State, 35 id., 593; Fichel v. State, 54 id., 55.

On question of other offenses and introduction of other letters: Nunn v. State, 60 Texas Crim. Rep., 86, 131 S. W. Rep., 320; Curington v. State, 72 Texas Crim. Rep., 143, 161 S. W. Rep., 478; Bowman v. State, 70 Texas Crim. Rep., 22, 155 S. W. Rep., 939; Barnett v. State, 50 Texas Crim. Rep., 538, 99 S. W. Rep., 556; Denton v. State, 42 Texas Crim. Rep., 427, 60 S. W. Rep., 670; Ware v. State, 36 Texas Crim. Rep., 597, 38 S. W. Rep., 198; Goldstein v. State, 35 S. W. Rep., 289.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of sufficiency of the information: Benson v. State, 39 Texas Crim. Rep., 56; Bradfield v. State, 73 Texas Crim. Rep., 353.

On question of other offenses: Long v. State, 11 Texas Crim. App., 381; Davidson v. State, 12 id., 214; Johns v. State, 76 Texas Crim. Rep., 303, 174 S. W. Rep., 610.

MORROW, JUDGE.—Appellant was convicted of the offense of sending an anonymous letter and his punishment assessed at a fine of $250.

The information was under article 1182, P. C., and charges "that heretofore, towit: on and about the 15th day of October, 1915, in said county and State, one J. L. Rudy did then and there unlawfully send

and cause to be delivered to Miss Ludia Harmon an anonymous type-written letter in English, which said letter, according to its words and tenor reflects upon the chastity, virtue, good character and reputation of the said Miss Lydia Harmon, to whom said letter was sent and caused to be delivered and intended for," etc.

The sufficiency of the information was assailed in the lower court upon the following grounds: (a) It was uncertain; (b) that the letter was not set out in haec verba; (c) that it was not described by date or otherwise, and (d) that it contained the conclusions of the pleader as to the effect of the letter, and on proper assignments the alleged error of the trial court overruling the motion to quash the information is here for revision.

From Vernon's Code of Criminal Procedure the following statement is taken: "Notwithstanding the general rule is that in describing the offense in an indictment it is sufficient to follow the language of the statute, there are instances which form exceptions to this general rule and in which more certainty is required either from the obvious inten-tion of the Legislature or from the application of known principles of law." The correctness of this statement of the law is shown by the following authorities: State v. Campbell, 29 Texas, 44; Horan v. State, 7 Texas Crim. App., 183; Alexander v. State, 29 Texas, 496; Williams v. State, 1 Texas Crim. App., 90; Hosky v. State, 9 Texas Crim. App., 202; Kerry v. State, 17 Texas Crim. App., 178; Thompson v. State, 16 Texas Crim. App., 159; Dickson v. State, 21 Texas Crim. App., 517; Willis v. State, 24 Texas Crim. App., 400.

In the application of this exception to the general rule in instances where a written instrument enters into an offense as a part or basis thereof, or when its proper construction is material, the instrument should be set out in the indictment. White v. State, 3 Texas Crim. App., 605; Horan v. State, 7 Texas Crim. App., 183; Hosky v. State, 9 Texas Crim. App., 202; Coulson v. State, 16 Texas Crim. App., 189; Tynes v. State, 17 Texas Crim. App., 123; Bishop's New Crim. Proc., p. 1733; Wharton's Crim. Law, sec. 1982; 25 Cyc., p. 577; sub. 8, n. 18, and cases cited therein. Application of this rule has been made in this State in swindling cases: Bagerly v. State, 21 Texas, 757; Baker v. State, 14 Texas Crim. App., 332; May v. State, 15 Texas Crim. App., 430; Dwyer v. State, 24 Texas Crim. App., 132, and others cited in Vernon's Ann. P. C., p. 912; Wilson v. State, 80 Texas Crim. Rep., —, decided February 28, 1917; and in cases where swindling was charged to have been accomplished in part by the use of chattel mortgages: Ferguson v. State, 25 Texas Crim. App., 451; Hardin v. State, id., 74; also in forgery cases: Vernon's Ann. P. C., pp. 500-501; Fischel v. State, 54 Texas Crim. Rep., 55; also in criminal libel and slander cases: Rogers v. State, 30 Texas Crim. App., 462; Conlee v. State, 14 Texas Crim. App., 222; Wiseman v. State, 14 Texas Crim. App., 74; Ham-mers v. State, 13 Texas Crim. App., 344; and in the fraudulent dis-

position of mortgaged property: McElroy v. State, 67 Texas Crim. Rep., 603, 150 S. W. Rep., 797.

Bradfield v. State, 73 Texas Crim. Rep., 353, 166 S. W. Rep., 734, is one in which this exception to the general rule appears to have been overlooked. The general rule that it was sufficient to follow the language of the statute even in cases where a written instrument entered into the offense was held to obtain in that case. Reaching this conclusion, the court cites Foreman v. State, 31 Texas Crim. Rep., 477, wherein it was held that in a prosecution for disturbing the peace by the use of loud, vociferous, vulgar or indecent language or cursing and swearing, it was not necessary to set out the language. Both by the statute and the decisions construing it, however, it is shown that in the offense of disturbing the peace it is not so much the purport of the language as the manner of its use that is involved. Jones v. State, 50 Texas Crim. Rep., 210; Crane v. State, 53 Texas Crim. Rep., 617. Bradfield v. State, supra, also cites Jones v. State, 35 Texas Crim. Rep., 565, which is one in which the prosecution was for the fraudulent disposition of mortgaged property. There was no motion to quash the indictment, but on objection to evidence the court discussed the indictment and held it sufficient to admit the evidence, using the following language: "In this character of case we do not understand it is necessary to set out according to its tenor the mortgage in question. Stachell v. State, 1 Texas Crim. App., 438; Glass v. State, 23 Texas Crim. App., 425." An examination of the two cases cited in the above quotation from the Jones case clearly demonstrates their failure to support the language of the quotation. The opinion in Stachell v. State, 1 Texas Crim. App., 438, does not show whether the chattel mortgage was or was not set out in the indictment. The indictment was held defective for failure to aver that the mortgage was unsatisfied. In the opinion in Glass v. State, 23 Texas Crim. App., 425, it appears that the mortgage was set out and the motion to quash the indictment overruled. The opinion shows that the indictment was in strict accord with Willson's Criminal Forms, No. 519. In Willson's Criminal Forms, No. 519, the mortgage is set out. White's Ann. P. C., p. 1496, art. 950. Jones v. State, 35 Texas Crim. Rep., 565, is not supported by any decision holding that where a written instrument enters into an offense it is not necessary to set it out in the indictment charging the offense.

The correct rule is aptly stated in Tynes v. State, 17 Texas Crim. App., 123, which after stating the general rule that it is sufficient to follow the statute, uses the following language:

"A different rule prevails where the offense consists in the sending of a threatening letter with the purpose of extorting money. In such a case it is not sufficient to charge the offense alone in the statutory words. The composition, that is, the letter itself, should have been set out, or such a description given of it that the court, upon inspection, could have judged of its character, and whether or not it was what is alleged to be a threat for the purpose of extorting money. It was also essen-

tial that it should be set forth in order to identify the transaction and apprise and enable the defendant to know what he had to meet; and with that certainty as would enable him to plead his conviction or acquittal in bar to another prosecution for the same offense. (State v. Hanson, 23 Texas, 233.) In the statute the leading object is the thing written, and whether it shows that it was written with a purpose of extorting money. *The general rule seems to be that when a written instrument enters into an offense as a part or basis thereof, or when its proper construction is material, the instrument should be set out in the indictment.*

Tested by the principles controlling the last cited case and many others referred to above which follow it, the information in the present case must of necessity be held insufficient. The offense consisted in sending an anonymous letter, the words and tenor of which reflected upon the chastity, virtue, good character and reputation of the party named in the information. Neither the words nor the tenor were set out in the information. The court, called upon to inspect the information and judge from the composition whether or not the chastity, virtue, good character and reputation of the party named were reflected upon, was left in ignorance of the contents of the letter he was thus called upon to construe. The appellant, called upon to answer the information, was not advised thereby of the description either by date or otherwise of the letter that he was charged with sending, nor was the letter relied upon distinguished from any other letter that might have been written or sent in a manner that would enable the defendant to identify his conviction or acquittal under this information in a plea in bar to another prosecution for the same offense. The information merely states the conclusion of the pleader of the effect of the words used in the letter.

There are many bills of exception touching questions of practice which doubtless will not arise in the same form upon another trial. We do not think the bill of exceptions shows disqualification of the trial judge.

Because the information is insufficient the judgment of the lower court is reversed and the cause dismissed.

*Reversed and dismissed.*

PRENDERGAST, JUDGE (dissenting).—The statute making it an offense to send, etc., an anonymous letter reflecting upon the chastity, etc., of any person, is a recent one, having been enacted in 1909. The first time it became necessary for this court to determine what was a sufficient indictment or information to properly charge that offense, and whether or not it was necessary to copy such letter in the pleading, came up in the case of Bradfield v. State, 73 Texas Crim. Rep., 353, 166 S. W. Rep., 734, in 1914.

Upon thorough investigation and mature deliberation, this court in a unanimous opinion, in said Bradfield case, held it was not necessary

to copy the letter. This court did not then "overlook," or otherwise fail to fully consider, any of the principles, nor any of the cases now mentioned in the majority opinion herein. On the contrary, it thoroughly considered, and was fully mindful of all of them. And it correctly held, in said Bradfield case, in full accordance with the statutes therein quoted and principles therein announced, that it was not necessary to copy the letter in any of the pleadings. I have no doubt of the correctness of the opinion and holding in that case, and it should be followed in this case. It is no more necessary, under the statute prescribing this offense, to set out in haec verba the evidence nor any material part of it, than it would be in an indictment for murder.

The complaint and information herein are undoubtedly in accordance with our statutes and clearly and amply sufficient, and it should be so held: I respectfully dissent.

ON REHEARING.

May 23, 1917.

MORROW, JUDGE.—This case was reversed and dismissed on account of an insufficient indictment. The State, without asking a review of that question, suggests that in view of another trial some of the other questions raised in the record be passed on.

Bill of exceptions No. 3 complains of the introduction in evidence of the anonymous letter received by the same person as that described in the indictment, insisting that the introduction of the letter was violative of the rule inhibiting the proof of other offenses. We think under the facts as disclosed by the record there was no error in admitting this letter. It was referred to in the letter on which the prosecution was founded; at least that letter contained language which might be so interpreted; and in the conversation testified to by the injured party she claims that appellant referred to the letter in question. We think under all the circumstances the letter which was objected to was admissible under the rule of res gestae, and further, in view of the other facts was admissible as one of the circumstances identifying, or tending to identify, appellant as the writer of the letter upon which the prosecution was founded.

Complaint is made to bill of exceptions No. 4 of testimony to the effect that the letter of August 15th and that upon which the prosecution is founded were written upon the same typewriter as a letter admittedly coming from appellant. The witnesses were sufficiently qualified to give opinions, and under the rules of comparison of handwriting we think there was no error in refusing to sustain appellant's objections to this testimony.

The motion for rehearing is overruled.

*Overruled.*