GEORGE HARDIN v. THE STATE.

No. 5762.   Decided February 23, 1921.

**1.—Mortgage—Fraudulent Disposition Of—Indictment.**

In an indictment for fraudulently disposing of mortgaged property, it is not necessary to set out *in haec verba* or in substance the mortgage referred to, or to allege any specific indebtedness, and where the indictment complied with approved precedent, there was no error in overruling the motion to quash. Following Haile v. State, 43 S. W. Rep., 999, and other cases. Overruling McElroy v. State, 150 S. W. Rep., 797.

**2.—Same—Rule Stated—Indictment.**

Where, the allegation in the indictment in the instant case was that said mortgage is a valid, subsisting, and unsatisfied mortgage, it sufficiently alleged that the same was for a consideration and given to secure a debt. Following Jones v. State, 35 Texas Crim. Rep., 569. Distinguishing Rudy v. State, 81 Texas Crim. Rep., 272.

**3.—Same—Mortgage—Evidence—Bill of Exceptions.**

Where, upon trial of fraudulently disposing of mortgaged property, the defendant objected to the introduction in evidence of the mortgage in question, for the same reason he set up in his motion to quash, there was no error in overruling same.

**4.—Sane—Variance—Mortgage—Description of Property.**

Where, upon trial of. fraudulently disposing of mortgaged property, the defendant objected to the evidence and contended that there was a variance between the description of the property named in the mortgage and that described in the indictment, and that the variance consisted in the fact that the mortgage named more property than is set out in the indictment, the same was properly overruled. Following Martin v. State, 28 Texas Crim. App., 364, and other cases.

**5.—Same—Variance—Name—Suffix—Surplusage.**

Where, defendant claimed a variance based on the fact that the indictment alleges the mortgage made and given to H. C. Bailey, while the instrument offered in evidence was made and given to H. C. Bailey, Jr., same was correctly overruled, inasmuch as the suffix junior or senior may be regarded as surplusage. Following Lassiter v. State, 35 Texas Crim. Rep., 541, and other cases.

**6.—Same—Question of Fact—Charge of Court—Defensive Theory.**

Where, defendant contended that the case was not made out because of the fact that he sold the property in question in the forenoon before giving the mortgage in the afternoon of the same day, and there was evidence *pro* and *con* upon this question, and the court below submitted this defensive theory to the jury, who found against the defendant and convicted him, there was no reversible error.

**7.—Same—Rehearing—Indictment—Mortgage—Rule Stated.**

When a written instrument is but an incident or ancillary to the issues in a transaction, it is not required that it be set out at length in the pleading. Following Green v. State, 28 Texas Crim. App., 493, and other cases; and an allegation that the defendant delivered to the party injured a valid mortgage in writing, etc., is sufficient. Following Haile v. State, *supra*.

Appeal from the District Court of Red River. Tried below before the Honorable Ben H. Denton.

Appeal from a conviction of fraudulently disposing of mortgaged property; penalty, three years confinement in the penitentiary.

The opinion states the case.

*H. B. Birmingham* and *R. S. Lattimore,* for appellant.—Cited cases in opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited cases in opinion.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Red River County, of fraudulently disposing of mortgaged property, and his punishment fixed at three years confinement in the penitentiary.

Upon his trial, a motion was made to quash the indictment, because of the fact that it charged no offense, and that the mortgage referred to was not set out either *in haec verba,* or in substance, and that no declaration of any specific indebtedness, such as could be recovered upon in a civil suit, appeared therein.

The charging part of the indictment is as follows:

"George Hardin, . . . did, then and there, unlawfully, with the intent to defraud H. C. Bailey, sell and dispose of certain personal property and movable property to Jack Stegall, to-wit:

One cream colored cow four years old, and one bay horse colt eight months, old, the said George Hardin having theretofore, to-wit: on the

20th day of February, 1919, executed and delivered to the said H. C. Bailey, a valid mortgage in writing upon the said above described property and which said mortgage was at the time of the said sale of said property, a valid, subsisting, unsatisfied mortgage upon said property, and was then owned and held by the said H. C. Bailey.

Against the peace and dignity of the State."

It will be observed that this indictment is in compliance with form No. 519, laid down by Mr. Willson, which has uniformly been upheld by this Court: Satchel v. State, 1 Texas Crim. App., 438; Robberson v. State, 3 Texas Crim. App., 502; Moye v. State, 9 Texas Crim. App., 88; Hardeman v. State, 16 Texas Crim. App., 1; Glass v. State, 23 Texas Crim. App., 426; Presley v. State, 24 Texas Crim. App., 494; Martin v. State, 28 Texas Crim. App., 365.

The gist of this offense is the fraudulent sale of the property, and any pleading of the mortgage is by way of inducement. Jones v. State, 35 Texas Crim. Rep., 569; Haile v. State, 43 S. W. Rep., 999.

Appellant cites McElroy v. State, 150 S. W. Rep., 797, and relies upon that decision as authority for his attack upon the indictment. In that case, the indictment seems not to have followed any recognized form, and may be subject to criticism, because the substance of the mortgage was not set out, but in so far as the opinion indicates that it is necessary to allege the consideration for the mortgage, or the amount of the indebtedness secured by the same, or that it is necessary to set out the mortgage, that case is not in accord with nearly, if not quite all of our authorities, and is overruled. The allegation in the indictment in the instant case, that said mortgage is a valid, subsisting, and unsatisfied mortgage, sufficiently alleges that the same was for a consideration, and given to secure a debt. The Rudy case, 81 Texas Crim. Rep., 272, 195 S. W. Rep., 187, holds that the letter should be set out when the offense charged is sending an obscene letter. Its expressions are not to be held controlling insofar as same refer to indictments for disposing of mortgaged property.

Appellant has a bill of exceptions, setting forth his objection to the mortgage when the same was offered in evidence, which presents the same points as made in his motion to quash, which we have just disposed of, and it is not necessary to further notice that contention. Said bill of exceptions also contains an additional objection that there is a variance between the description of the property named in the mortgage, and said property as it is described in the indictment, said variance consisting of the fact that the mortgage names more property than is set out in the indictment. This is no variance. Martin v. State, 28 Texas Crim. App., 364; Jones v. State, 35 Texas Crim. Rep., 569, 34 S. W. Rep., 631. Said bill of exceptions also presents the questions of a further variance, based on the fact that the indictment alleges a mortgage made and given to H. C. Bailey, while the instrument offered in evidence, was made and given to H. C. Bailey, Jr. The general rule in this State seems to be that the suffix "Jr.", or the suffix "Sr." form

no part of the name, and may be regarded as surplusage. Peters v. State, 69 Texas Crim Rep., 403, 154 S. W. R., 363; Wesley v. State, 45 Texas Crim. Rep., 64; Windom v. State, 44 Texas Crim. Rep., 519; Lassiter v. State, 35 Texas Crim. Rep., 541. .

Appellant further contends that the case was not made out, because of the fact, as claimed, that he sold the property in the forenoon before giving the mortgage in the afternoon, of February 20, 1919. In other words, he contends that he gave no valid subsisting mortgage, because he had disposed of the property before the mortgage was given, and did not own same at the hour of the execution of said instrument. Appellant testified that he gave the mortgage to Mr. Bailey at three P. M., for $40, and that he had sold the property at nine A. M. the same day, to Jack Stegall for $95. Jack Stegall testified that on a date which he did not remember, but which was early in the spring of 1919, he purchased from appellant a cow, a colt, and three hogs. Will Pope testified that he wrote and witnessed a bill of sale from appellant to Jack Stegall, conveying a cow, a colt, and three shoats, but that he could not tell the date of the transaction further than that it was in the spring of 1919. No one corroborates appellant as to the date of the sale of the property to Stegall, or as to the fact that it was before the execution of the mortgage. The court below submitted this defensive theory to the jury, telling them that if appellant had sold the property before he executed the mortgage, they should find him not guilty. The weight of this testimony was for the jury, and perhaps they may not have found it difficult to refuse to believe the truth of this statement by one accused of a felony, whose sworn testimony, if true, would have shown him to be guilty merely of a misdemeanor. This disposes of all the matters presented on this appeal.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### February 23, 1921.

LATTIMORE, Judge.—In his motion and argument for rehearing, appellant contends that we should have held the State's pleading bad, because it did not set out the mortgage alleged to be against the property which he disposed of. He insists that the Rudy case, *supra*, in effect overruled those cases heretofore handed down by us, in which it was held that if the offense charged be disposing of mortgaged property, the indictment need not set out *in extenso* the mortgage. The principle involved in the Rudy case, as we understand it, was different from that in the instant case. The indictment in that case was for sending of an obscene letter through the mails, and in all such transactions where the instrument itself and its contents, present the bone of contention, the pleading should set out the same, either *in haec verba*,

or in substance. Whatever discussion might have been had in that case of cases wherein the charge was disposing of mortgaged property, was but argumentative and *obiter dicta,* as far as its application to the instant case is concerned. When a written instrument is but an incident, or ancillary to the issue in a transaction, it is not required that it be set out at length in the pleading. A charge of theft of a filed paper, or a title bond, or a book, would not necessitate setting out the document at length in the indictment. Dignowitty v. State, 17 Texas, 521; Green v. State, 28 Texas Crim. App., 493. It is not believed that an indictment for theft of a valuable letter or document of any kind, would require more description of the stolen property than would be sufficient to identify and distinguish the same. In Pye v. State, 74 Texas Crim. Rep., 322, 171 S. W. Rep., 741, we held that to charge theft of a vendor's lien note, it was not necessary to set out the note in the indictment. We think the principle in the case just mentioned and that of the instant case, the same, but that there is a clear distinction between such cases where the gist of the offense is the theft, or the fraudulent disposition of the property,—that is to say, where the instrument is but incidental;—and those cases where the instrument itself and its contents, constitute the chief issue, as in forgery, sending threatening letters, etc. Judge Henderson, in Haile v. State, 43 S. W. Rep., 999, uses the following language, which we think a correct announcement of the law: "The charge that the said 'A. H. Haile having theretofore, to-wit, on June 22, 1895, executed and delivered to the said Charley Richardson a valid mortgage, in writing,' etc., is sufficient. The making of the mortgage is not the offense. That is mere inducement. The offense is the sale or disposition of the property after the person has mortgaged it."

We are unable to agree that the long line of decisions upholding our original opinion, is incorrect, and the motion for rehearing will be denied.

*Overruled.*

MORROW, Judge. (*Concurring*)—If the question were an open one, I would be disposed to hold that the averments in the indictment should contain, *in haec verba* or substance, enough of the mortgage to enable the trial judge, in passing upon the motion to quash, to determine that the instrument declared on was, in law, a mortgage. It seems, however, that the indictment in the instant case is sufficient, when tested by the rule declared and adhered to in former decisions of this court. (See Martin v. State, 28 Texas Crim. App. 364, and other cases cited in Wilson's Criminal Forms, page 225). From these cases it appears that in this particular character of offense a statement of the conclusion of the pleader that the instrument relied upon is a valid and subsisting mortgage, accompanied by averments showing the parties thereto, the date of its execution, and the property covered, constitutes a sufficient description.

It was in deference to these decisions that I understand the original opinion and that overruling the motion for rehearing were made, and while I believe, as above stated, that the rule is not the best that could be made, it is not defective to a degree that would warrant its overturning.

*Overruled.*