### TOM RICE v. THE STATE.

No. 10849. Delivered April 5, 1927.

Rehearing denied April 27, 1927.

**1.—Selling Mortgaged Property—Indictment—Description of Property— Held Sufficient.**

Where an indictment charging the selling of mortgaged property, described the property sold as one "World's Wonder Gas Engine," such description is sufficient. Art. 403, Vernon's C. C. P., 1925, provides, "When it becomes necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quality, number, and ownership, if known, shall be sufficient." Distinguishing Solinsky v. O'Connor, 54 S. W. 938, and Tipps v. Gay, 146 S. W. 306.

ON REHEARING.

**2.—Same—No Error Shown.**

On rehearing, appellant insists that we were in error in holding the description of the mortgaged property as set out in the indictment, to be sufficient. A re-examination of the record and authorities cited by appellent, confirms us in the correctness of the original opinion, and his motion for rehearing is overruled.

Appeal from the District Court of Johnson County. Tried below before the Hon. Irwin T. Ward, Judge.

Appeal from a conviction for selling mortgaged property, penalty two years in the penitentiary.

The opinion states the case.

*J. B. Haynes* and *F. E. Johnson,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for selling mortgaged property, the punishment being two years in the penitentiary.

The indictment alleges that appellant, with intent to defraud S. H. Chapman, sold to W. D. Rivers one "World's Wonder Gas Engine and Concrete Mixer, two wheelbarrows, six shovels, four picks," which appellant had theretofore executed a valid mortgage upon to said Chapman. Motion to quash the indictment was based upon the claimed insufficient description of the property. The court only submitted the selling of one "World's Wonder Gas Engine and Concrete Mixer." The indictment does not set out the mortgage and no statement of facts is brought to this court, therefore it is impossible for us to know how the property was described in the mortgage. The presumption is that the state introduced the mortgage in evidence and that it was a valid and subsisting mortgage because in the absence of a showing to the contrary every presumption must be indulged in favor of the correctness of the ruling of the trial court. Certainly, in the absence of a statement of facts, this court has no way of ascertaining the contrary. Article 403, Vernon's C. C. P., 1925, reads as follows:

"When it becomes necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quality, number and ownership, is known, shall be sufficient."

Appellant's contention seems to be based upon the assumption that the description in the mortgage was the same as that contained in the indictment and if so that it was insufficient to create a lien. He cites the case of Solinsky v. O'Connor, 54 S. W. 935. In that case the mortgage described the property as "2 Ledgerwood Engines," without giving any number, marks or other means of description. The court held this description insufficient to create a lien as against a judgment creditor of the mortgagor claiming under a writ of garnishment, but the implication seems to be that as between the original parties

the mortgage was valid for the reason that parol evidence would be admissible to supply deficiency in description as between the parties.

In the case of Tipps v. Gay, 146 S. W. 306, the property mortgaged was described as follows: "One 3-70 saw, second-hand gin outfit complete, including engine and boiler." This was held to be a sufficient description, the identity of the property intended to be covered being ascertainable by parol evidence. See also Connally v. Dimmitt County State Bank, 181 S. W. 271; Clark & Boice Lumber Co. v. Commercial National Bank of Jefferson, 200 S. W. 197.

We find some complaint of the charge of the court as being an assumption of facts proven. It is impossible for us to appraise this complaint in the absence of the evidence.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews his insistence that he could not be held guilty, and that the indictment in this case was not sufficient because, as he contends, the description of the property alleged to have been mortgaged and thereafter sold by appellant was not sufficient. The case of Solinsky v. State, 54 S. W. 935, is again referred to and claimed by appellant to be authority for holding the mortgage insufficient because of lack of more comprehensive description of the property therein referred to. We do not understand the case referred to to go as far as appellant thinks it does. The court did not hold the mortgage in question in that case void as between the parties, but held the description of the property not sufficiently definite to defeat the rights of other lienors whose rights had attached thereto. In the case of Hardin v. State, 227 S. W. 676, a case of selling mortgaged property, we held it sufficient to refer to the property as one cream-colored cow four years old, and one bay horse colt eight months old. Such general description in a controversy between the parties might be aided by other proof and the instrument be upheld. The question as to whether the description is such as will protect the mortgagee as against others whose rights have attached to the property, would appear to depend upon a different rule than applies between the mortgagor and mortgagee in a direct controversy between them. Under our laws against theft, or the unlawful acquisition of property, we charge one with taking one horse, one hog, one

head of cattle, one pistol, five dollars in money, etc., etc., and we have never held it necessary in such case to encumber the indictment by a description of the property sufficiently specific to enable the particular piece of property to be singled out and pointed to as a result of the descriptive averments. We do not think this mortgage void, nor this indictment bad.

Being unable to agree with appellant's contention, the motion for rehearing will be overruled.

*Overruled.*