FREDERICK DEPEW v. THE STATE.

No. 13581.   Delivered May 28, 1930.
Rehearing denied November 19, 1930.
Reported in 32 S. W. (2d) 457.

The opinion states the case.

*Jack Keller* and *Baskett & DeLee,* all of Dallas, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for fraudulently disposing of mortgaged property; punishment, four years in the penitentiary.

The record is here without statement of facts or bills of exception. The indictment, the charge of the court, the judgment and sentence are in conformity with law.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The motion for rehearing is based upon the claim that the indictment is insufficient in that the mortgage relied upon is not set out therein.   A copy of the mortgage is not embraced but a comprehensive description thereof is set forth in the indictment showing the date, the names of the parties, the amount of the indebtedness and the property mortgaged.   The cases cited by the appellant do not require more.   In the case of McElroy v. State, 150 S. W. 797, it is said:

"It is the better practice to set out the mortgage, or state the substance of it, in the indictment; and, to be a valid indictment, it must at least set out that it was given to secure an indebtedness, naming the amount, and that the debt was unpaid."

The indictment in the present instance complies with the suggestion. In the case of Hardin v. State, 88 Tex. Cr. R. 495, 227 S. W. 676, the court declared an indictment charging the disposition of mortgaged property sufficient where the mortgage is sufficiently described but not set out in full. In the Hardin case, the case of Rudy v. State, 81 Tex. Cr. R. 272, is distinguished. The Rudy case did not deal with the disposition of mortgaged property but with a letter embracing alleged obscene language.

The motion for rehearing is overruled.

*Overruled.*

HAWKINS, J., absent.