## STATE OF CONNECTICUT *v.* ROOSEVELT DINGLE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 7-29492

Argued January 9—decided February 10, 1967

*Konstantina Bequary,* of Meriden, for the appellant (defendant).

*Kenneth W. Mango,* assistant prosecuting attorney, for the appellee (state).

KINMONTH, J.   The information charged the defendant with operating a motor vehicle while his license was under suspension, in violation of § 14-215 of the General Statutes.  From a judgment of guilty the defendant appeals, assigning as error the court's failure to correct the finding and the court's conclusion upon all the evidence that the defendant was guilty of the crime charged beyond a reasonable doubt.  Upon this last assignment we examine the entire evidence to determine, as a question of law and not as an issue of fact, whether there was evidence to support the ultimate conclusion of guilt.  *State* v. *Pundy,* 147 Conn. 7, 8.

From the evidence, the court could reasonably have found the following facts:  On April 29, 1966, the defendant was operating an automobile.  His last known place of residence was at 33 Columbia Street, Meriden, Connecticut.  The license to operate an automobile of Roosevelt Dingle, Jr., born December 16, 1939, of the above address, was suspended indefinitely on March 2, 1966, and notice of suspension was mailed to Roosevelt Dingle, Jr., at the above address on April 11, 1966, which notice was returned, unclaimed, to the department of motor vehicles.  Both the suspension notice and the license of Roosevelt Dingle carried the same license number as well as the above date of birth.  The defendant's son, three years old, was known as Roosevelt Dingle, Jr.  The defendant and Roosevelt Dingle, Jr., as appearing in the motor vehicle department records, are one and the same person.

The main contention of the defendant on this appeal is that the sending of the notice of suspen-

sion to the wrong addressee is not sufficient compliance with § 14-111 of the General Statutes, which provides that notice forwarded by registered or certified mail to the address of the person registered as the operator of any motor vehicle as shown by the records of the commissioner shall be sufficient notice to such person that the operator's license is under suspension. Because of the addition of the suffix "Jr." on the notice of suspension, the defendant in substance claims a variance, although he allowed the driving record of Roosevelt Dingle, Jr., to be received in evidence without objection. Thus, the court properly took into consideration the date of birth and license number which appeared of record and on the uniform traffic ticket, in determining that the defendant and Roosevelt Dingle, Jr., were one and the same person.

Such a suffix as "Jr." is no part of the name and is merely descriptive and may be regarded as surplusage. *Coit* v. *Starkweather*, 8 Conn. 289, 292; *Hardin* v. *State*, 88 Tex. Crim. 495, 497; 2 Wharton, Criminal Evidence (11th Ed.) § 1050; 65 C.J.S., Names, § 5(b). It is generally held that no material variance results where a name is averred in an indictment or information with such a suffix as "Jr." and the name is given in the proof without it, or where the averment is without the addition and it appears in the proof that the person signs his name and is known with it. *State* v. *Simpson*, 166 Ind. 211, 216; *Harris* v. *State*, 23 Wyo. 487, 499. Where the only difference between two names is the addition of the suffix "Jr." to one of them, they have been presumed to refer to the same person, until the contrary is alleged and proved. 65 C.J.S. 48, Names, § 15.

The state maintained throughout that the defendant and Roosevelt Dingle, Jr., were one and the

same person; but had the court found a variance to have existed it would not have been a ground for acquittal, since it would have permitted any amendment of the information necessary to make the information conform to the proof. Practice Book § 525; *State* v. *Rafanello,* 151 Conn. 453, 457. It is said to be the modern rule that a variance in names is not now regarded as material unless it appears to the court that some substantial injury is done to the accused, such as that by reason of the variance he was unable intelligently to make his defense. *State* v. *Rafanello,* supra; *Harris* v. *State,* supra. We cannot say that the defendant was prejudiced in his defense, and upon all the evidence the court did not err in finding the defendant guilty.

There is no error.

In this opinion PRUYN and DEARINGTON, Js., concurred.