### A. L. PETERS v. STATE.

No. 2214. Decided February 26, 1913.

**1.—Attempted Burglary—Sufficiency of the Evidence.**

Where, upon a trial of an attempt to commit burglary, the evidence showed that the steps taken by defendant had gone beyond a mere preparation, and the only step remaining would have been to have committed the completed offense, the conviction was sustained.

**2.—Same—Name of Defendant.**

Where defendant was indicted under the name of A. L. Pierce and on trial suggested his name was A. L. Peters, and the same was corrected in accordance with his suggestion, there was no error.

**3.—Same—Name of Party Injured.**

Where the name of the party injured was alleged to be A. Dodson, Jr., and the proof showed his name to be A. Dodson, there was no variance.

**4.—Same—Charge of Court—Entry.**

Where the court gave the proper charge on entry of the house, there was no error in refusing special charges which were not based on the evidence.

Appeal from the District Court of Wichita. Tried below before the Hon. P. A. Martin.

Appeal from a conviction of an attempt to commit burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. T. Carlton,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of the offense of attempting to commit the crime of burglary, and his punishment assessed at two years confinement in the penitentiary.

The facts show that Mrs. Dodson was awakened at night by some one walking in her home. She called her husband, who went upstairs and found appellant, who, when hailed, attempted to escape. Dodson had a pistol and drew it, when appellant threw up his hands. He was searched and three skeleton keys taken off of him. He was in his sock feet, having taken off his shoes and put them in his pocket. When first challenged he said he was hunting a drink of water, but the water was downstairs in a room Mrs. Dodson says appellant passed through. He then said he had been asleep in the bath room for four hours and was attempting to leave when he was detected. The proof shows that he was heard going upstairs just before Mrs. Dodson called her husband, and when he got upstairs he turned off the hall light and the light in the bath room.

On the trial he said he had received a letter from a woman, and went there at 2 o'clock at night to see her, giving her name. It was shown that no such woman was stopping at this house.

Our Code provides that if any person shall attempt to commit the crime of burglary he shall be punished by confinement in the penitentiary for not less than two nor more than four years, and an "attempt" is defined to be an endeavor to accomplish the crime of burglary carried beyond mere preparation, but falling short of the ultimate design.

In this case appellant being found upstairs with his shoes off, with skeleton keys in his possession, which witnesses testify will open any ordinary door, and with soap on his person of the kind that can be used to soap a key so it will make no noise in unlocking a door; that he fled when hailed, and his contradictory explanations of his presence there, we think authorized the jury to find he entered the house with the intent to commit the crime of burglary, and was only prevented from doing so by timely discovery. The steps taken had gone beyond a mere preparation, and the only step remaining would have been to have committed the completed offense. When appellant was arrested he gave the name of Morgan; a bank deposit book was found on him of a Fort Worth bank bearing the name of A. L. Pierce, and he was indicted as A. L. Pierce. On the trial he suggested his name was A. L. Peters, when the court, by a proper order, ordered the name corrected in accordance with his suggestion. In this there was no error.

He was alleged to have entered the house of A. Dodson, Jr. The proof shows that the house was occupied by A. Dodson, and Mr.

Dodson testified he knew of no other A. Dodson. In Branch's Crim. Law, sec. 621, it is said that "Jr." or "Sr." form no part of a person's name, and may be rejected as surplusage. (Lassiter v. State, 35 Texas Crim. Rep., 540; Steinberger v. State, 35 Texas Crim. Rep., 492; Wesley v. State, 45 Texas Crim. Rep., 64.) In Windom v. State, 44 Texas Crim. Rep., 514, Presiding Judge Davidson discusses this question at length, and holds that insertion or omission of the word "Jr." creates no variance, citing many authorities.

There was no evidence on which to base the first special charge requested, and the second special charge is not the law of this case, but the charge given by the court on entry of the house was correct.

There are several complaints of the charge of the court, and we have carefully considered each of them, but the charge is a fair, full and correct presentation of the law applicable to this offense under the evidence adduced, and the judgment is affirmed.

*Affirmed.*