

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00278-CR

**NORRIS WAYNE SMITH,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2011-2407-C2

## MEMORANDUM  OPINION

In five issues, appellant, Norris Wayne Smith, challenges his conviction for aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011).  Because we conclude that the evidence supporting appellant's conviction is sufficient and that the trial court did not abuse its discretion by admitting evidence of other extraneous acts, we affirm.

## I.   BACKGROUND

This case involves a robbery that resulted in one person, Jerry Crowder Jr., getting shot.  The facts surrounding the incident are hotly disputed.  In any event, the record reflects that appellant was charged by indictment with aggravated robbery.  Also included in the indictment was an enhancement allegation pertaining to appellant's prior felony conviction for unlawful possession of a firearm by a felon.  Later, the State filed a notice of intent to enhance the punishment range, referencing appellant's prior felony conviction for possession with intent to deliver a controlled substance, cocaine.

At the conclusion of the evidence, the jury found appellant guilty of the charged offense.  Appellant pleaded "true" to the enhancement allegations, and the jury assessed punishment at sixty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice.  This appeal followed.

## II.   THE INDICTMENT

In his second issue, appellant argues that the evidence is insufficient to prove that appellant committed an offense against Jerry Crowder.  Specifically, appellant complains that the indictment contains a material variance regarding a non-statutory allegation describing an "allowable unit of prosecution" because the State failed to include the suffix "Jr." when referencing Crowder in the indictment.

Article 21.07 of the Texas Code of Criminal Procedure provides the following, in pertinent part:  "In alleging the name of the defendant, or of any other person necessary to be stated in the indictment, it shall be sufficient to state one or more of the initials of the given name and the surname."  TEX. CODE CRIM. PROC. ANN. art. 21.07 (West 2009).

Moreover, it is well-established that the suffixes "Jr." or "Sr." do not form a part of a legal name and may be rejected as surplusage. *See Cherry v. State*, 447 S.W.2d 154, 156-57 (Tex. Crim. App. 1969); *Hardin v. State*, 88 Tex. Crim. 495, 497-98, 227 S.W. 676, 677-78 (1920); *Peters v. State*, 69 Tex. Crim. 403, 405, 154 S.W. 563, 564 (1913); *Smith v. State*, 734 S.W.2d 694, 699 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd)[1]; *see also Polston v. State*, Nos. 03-10-00379-CR, 03-10-00421-CR, 2011 Tex. App. LEXIS 6126, at *21 (Tex. App.—Austin, Aug. 5, 2011, pet. ref'd) (mem. op., not designated for publication). Furthermore, the Court of Criminal Appeals has stated that: "The suffix 'Jr.' does not form a part of a name. *Its addition or omission is immaterial in criminal proceedings*." *Smith v. State*, 435 S.W.2d 526, 527 (Tex. Crim. App. 1969) (emphasis added).

Based on the foregoing, we cannot conclude that the failure of the indictment to include the suffix "Jr." to Crowder's name results in a fatal variance between the

---

[1] The facts in the *Smith* case are particularly noteworthy. *See* 734 S.W.2d 694, 698 (Tex. App—Houston [1st Dist.] 1987, pet. ref'd). In its opinion, the *Smith* court characterized Smith's fourth issue as follows:

> In his fourth point of error, appellant contends that the evidence was insufficient to convict him of kidnapping. Specifically, he argues that the indictment alleged that he kidnapped "Mack C. Sims" while at trial the State produced evidence that he kidnapped "Mack Clifton Sims, Sr." He asserts that this variance is significant, especially in light of the fact that there were two persons named Mack C. Sims. He further argues that the "failure of the indictment to include the senior appellation renders the variance between the pleadings and proof fatal to the conviction."

*Id.* The facts surrounding the indictment in the instant case are strikingly similar to those in the *Smith* case. *See id.* Ultimately, the *Smith* court, like we have done here, concluded that there is no variance between the indictment and the proof because the suffixes "Jr." and "Sr." are not part of a person's legal name and may be rejected as surplusage. *See id.* at 698-99.

pleadings and the proof.[2]  *See* TEX. CODE CRIM. PROC. ANN. art. 21.07; *Cherry*, 447 S.W.2d at 156-57; *Hardin*, 227 S.W. at 677-78; *Peters*, 154 S.W. at 564; *see also Smith*, 734 S.W.2d at 699.  As such, we overrule appellant's second issue.

## III.  EXTRANEOUS-OFFENSE EVIDENCE

In his third, fourth, and fifth issues, appellant contends that the trial court abused its discretion by admitting extraneous-offense evidence regarding appellant's alleged conduct as a pimp, appellant's alleged assault of Delores Brooks, and appellant's alleged intent to commit a different robbery.

### A.  Standard of Review

We review the trial court's admission of extraneous-offense evidence for an abuse of discretion.  *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009).  If the trial court's ruling is within the zone of reasonable disagreement, there is no abuse of discretion.  *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005).  A trial court's

---

[2] Additionally, because appellant did not dispute the identity of the victim in this case by means of challenging the indictment in the trial court, we are not persuaded by appellant's reliance on *Byrd v. State*, wherein the Court of Criminal Appeals noted the following:

> Although the *name* of the owner is not a substantive element of theft, the State is required to prove, beyond a reasonable doubt, that the person (or entity) alleged in the indictment as the owner is the same *person* (or entity)—regardless of the name—as shown by the evidence.  For example, in the *Fuller* case, the indictment alleged injury to an elderly person, namely "Olen B. Fuller."  The State proved that the defendant injured "Buddy Fuller" or "Mr. Fuller."  But there was no dispute at trial that the person who was injured was the very same person as was alleged in the indictment, despite whatever discrepancies might exist in the "real" and "alleged" names.  Suppose the elderly man in that case had testified that his real name was Quincy Magoo, but everyone called him Olen M. Fuller.  That is a variance, but it may well be immaterial if the record shows that the person—whether known as Mr. Magoo or Mr. Fuller—is the same person as alleged in the indictment.  However, if the evidence shows that the defendant actually injured Mr. Magoo, who is not the same person as Mr. Fuller, the evidence is insufficient under *Malik*, *Gollihar*, and *Fuller*.  In sum, it's the identity of the person, not his formal name, that controls and guides the sufficiency of the evidence review.

336 S.W.3d 242, 252-53 (Tex. Crim. App. 2011) (emphasis in original).

ruling on the admissibility of an extraneous offense is generally within this zone if the evidence shows that: (1) an extraneous transaction is relevant to a material, non-propensity issue; and (2) the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *De La Paz*, 279 S.W.3d at 344.

## B. Appellant's Alleged Conduct as a Pimp

During direct examination, the following exchange occurred:

| | |
|---|---|
| [The State]: | Delores, at some point in time did your relationship with the Defendant change from a friendship into a different type of relationship? |
| [Defense counsel]: | Your Honor, I'm going to object to any further testimony along these lines under relevance and Rule 403. |
| THE COURT: | Overruled. |
| [The State]: | Go ahead and answer. Did your relationship change? |
| [Delores]: | Yes, ma'am. |

Delores testified that, despite the fact that appellant is married, she initially had a "girlfriend-boyfriend" relationship with appellant that she believed was a dating relationship. Later, Delores testified without objection that her relationship with appellant changed to "a business type relationship." Specifically, Delores noted that she prostituted for appellant and that appellant was her pimp.

"A timely and specific objection is required to preserve error for appeal." *Luna v. State*, 268 S.W.3d 594, 604 (Tex. Crim. App. 2008); *see* TEX. R. APP. P. 33.1(a)(1)(A). "An objection is timely if it is made as soon as the ground for the objection becomes

apparent, i.e., as soon as the defense knows or should know that an error has occurred." *Grant v. State*, 345 S.W.3d 509, 512 (Tex. App.—Waco 2011, pet. ref'd) (citing *Neal v. State*, 256 S.W.3d 264, 279 (Tex. Crim. App. 2008)). "If a party fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely and error is waived." *Id.* (citing *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995) (en banc)). There are, however, the following two exceptions to the proposition of law that a party must object each time he thinks inadmissible evidence is being offered: (1) when the party has secured a running objection on the issue he deems objectionable; or (2) when the defense counsel lodges a valid objection to all the testimony he deems objectionable on a given subject outside of the presence of the jury. *Ethington v. State*, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991).

Furthermore, "'[a]n error [if any] in the admission of evidence is cured when the same evidence comes in elsewhere without objection." *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (quoting *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998)); *see Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) ("In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection."). Finally, appellate arguments must correspond with the objection made at trial. *Gallo v. State*, 239 S.W.3d 757, 768 (Tex. Crim. App. 2007).

A review of the record reveals that appellant did not object each time the State elicited testimony about Delores prostituting for appellant or when Delores testified that appellant was her pimp. *See Lane*, 151 S.W.3d at 193; *see also Valle*, 109 S.W.3d at

509. Furthermore, appellant did not request a running objection when he made his initial objection. In addition, when making his initial objection, appellant did not specifically object to questions about appellant being Delores's pimp. *See Ethington*, 819 S.W.2d at 858-59. In fact, it was not until several questions later did appellant request a running objection, and this running objection pertained to questions about how appellant advertised Delores's prostitution services on the internet. Therefore, based on the foregoing, we conclude that appellant did not properly preserve this issue for appeal. We overrule appellant's third issue. *See* TEX. R. APP. P. 33.1(a)(1)(A); *see also Luna*, 268 S.W.3d at 604; *Grant*, 345 S.W.3d at 512.

## C.     Appellant's Alleged Assault of Delores

Texas Rule of Evidence 404(b) expressly provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of the defendant in order to show he acted in conformity therewith. TEX. R. EVID. 404(b). This rule codifies the common-law principle that a defendant should be tried only for the offense for which he is charged and not for being a criminal generally. *See Rogers v. State*, 853 S.W.2d 29, 32 n.3 (Tex. Crim. App. 1993); *see also Segundo v. State*, 270 S.W.3d 79, 87 (Tex. Crim. App. 2008) (explaining that a defendant is generally to be tried only for the offense charged, not for any other crimes).

Extraneous-offense evidence, however, may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. TEX. R. EVID. 404(b). The list of examples in Rule 404(b) is not exhaustive. *See Prible*, 175 S.W.3d at 731. For example, extraneous-offense

evidence may be admissible to demonstrate conduct by a defendant that indicates a consciousness of guilt. *See Torres v. State*, 794 S.W.2d 596, 598 (Tex. App.—Austin 1990, no pet.); *see also Urtado v. State*, 605 S.W.2d 907 915 (Tex. Crim. App. 1980) ("Flight is evidence of guilt."). This consciousness-of-guilt evidence may include evidence of a person's conduct (such as "flight" or destruction of evidence) that occurs subsequent to the commission of a crime. *See Torres*, 794 S.W.2d at 598-600. Such evidence is relevant to prove that the person committed the act with which he is charged. *Id.* An extraneous offense may also be admissible to show identity when identity is at issue in the case, or when the defense cross examines witnesses or alleges that someone else committed the crime. *See Page v. State*, 213 S.W.3d 332, 336 (Tex. Crim. App. 2006); *Lane v. State*, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996). "Whether extraneous[-]offense evidence has relevance apart from character conformity, as required by Rule 404(b), is a question for the trial court." *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). The trial court's Rule 404(b) ruling admitting evidence is generally within the zone of reasonable disagreement "if there is evidence supporting that an extraneous transaction is relevant to a material, non-propensity issue." *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011).

During direct examination, the prosecutor asked why Delores was afraid of appellant. In particular, the prosecutor questioned Delores about when she ended up in the hospital in Dallas. Prior to telling the jury about the incident, appellant objected under Rule 403 and on relevance grounds. The trial court overruled appellant's objection, and Delores testified that appellant beat her up because she was tired of

running and was ready to tell the police the truth about what had happened with Crowder.[3] As a result of the altercation with appellant, Delores stated that she was admitted to a hospital in Dallas.

After reviewing the record, we agree with the State's contention that this evidence was admissible as consciousness-of-guilt evidence. Delores testified that appellant beat her up because she wanted to tell the police what happened during the incident with Crowder. Essentially, Delores suggested that, by beating her up, appellant tried to silence her and prevent her from telling police about the incident involving Crowder.

The Court of Criminal Appeals has held that an attempt to tamper with or bribe a witness constitutes evidence of "consciousness of guilt" on the part of the defendant. *See Gonzalez v. State*, 117 S.W.3d 831, 842 (Tex. Crim. App. 2003); *Wilson v. State*, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999); *Ransom v. State*, 920 S.W.2d 288, 299 (Tex. Crim. App. 1996) (op. on reh'g) ("We have held that criminal acts that are designed to reduce the likelihood of prosecution, conviction, or incarceration for the offense on trial are admissible under Rule 404(b) as showing 'consciousness of guilt.'"). Based on the foregoing case law, we conclude that the complained-of testimony in this issue was relevant as consciousness-of-guilt evidence. *See* TEX. R. EVID. 404(b); *Rodriguez v. State*, 577 S.W.2d 491, 493 (Tex. Crim. App. 1979) ("In the instant case, appellant stood accused of murder. He confronted one of the State's key witnesses, who was also the

---

[3] The record reflects that after the alleged robbery of Crowder, appellant, Bernard Mathis, and Delores fled to Dallas.

brother of the deceased, outside a bar at night. He told that witness to drop the charges against him. These are hardly the actions of an innocent accused. This evidence is every bit as probative of guilt, as would be flight by the accused. The evidence was properly admitted."); *Maddox v. State*, 163 Tex. Crim. 5, 7, 288 S.W.2d 780, 782 (1956) (stating that, in a rape case, "[p]roof that appellant carried the child away from the scene and choked her and threw her in the water was admissible as showing an effort on his part to suppress and destroy evidence against him"); *see also Gonzalez*, 117 S.W.3d at 842; *Wilson*, 7 S.W.3d at 141; *Ransom*, 920 S.W.2d at 299.

Appellant also argues that the evidence was unfairly prejudicial under Texas Rule of Evidence 403. We disagree.

Evidence, though relevant, can nonetheless be excluded when its probative value is substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403. Once a trial court determines that extraneous-offense evidence is admissible under Rule 404(b), the trial court must, on proper objection by the opponent of the evidence, weigh the probative value of the evidence against its potential for unfair prejudice. *Montgomery v. State*, 810 S.W.2d 377, 389 (Tex. Crim. App. 1990); *see* TEX. R. EVID. 403. Rule 403 favors admissibility of relevant evidence, and the presumption is that generally, relevant evidence will be more probative than unfairly prejudicial. *Montgomery*, 810 S.W.2d at 389. Unfair prejudice does not mean the evidence injures the opponent's case—"the central point of offering evidence." *Rogers v. State*, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999). "Rather[,] it refers to 'an undue tendency to suggest

decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Id.* (quoting *Cohn v. State*, 849 S.W.2d 817, 820 (Tex. Crim. App. 1993)).

Although not limited to the following enumerated factors, courts should balance the following factors under a Rule 403 analysis: (1) the probative value of the evidence; (2) the potential of the evidence to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Prible*, 175 S.W.3d at 733. The trial court is presumed to have conducted the proper balancing test if it overrules a 403 objection, regardless of whether it conducted the test on the record. *See Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1995).

As we previously discussed, the evidence of appellant's assault of Delores in response to Delores telling appellant that she was tired of running and was going to tell the police what had happened to Crowder was probative because it indicated appellant's consciousness of guilt. It is not likely that the complained-of evidence had an irrational effect on the jury, especially considering appellant was charged with a much more heinous crime of aggravated robbery, which resulted in Crowder being shot. Appellant concedes that the complained-of evidence took very little time to develop. And though appellant argues that the "State had no need for this evidence," we, once again, point out that this evidence indicates appellant's consciousness of guilt. A number of our sister courts have stated that consciousness-of-guilt evidence is one of the strongest kinds of evidence of guilt. *See Hyde v. State*, 846 S.W.2d 503, 505 (Tex. App.—Corpus Christi 1993, pet. ref'd) ("A 'consciousness of guilt' is perhaps one of the strongest kinds of evidence of guilt. It is consequently a well[-]accepted principle that

any conduct on the part of a person accused of a crime subsequent to its commission, which indicates a 'consciousness of guilt,' may be received as a circumstance tending to prove that he committed the act with which he is charged." (internal citation omitted)); *Torres*, 794 S.W.2d at 598 (same); *see also Shuff v. State*, No. 01-12-00034-CR, 2013 Tex. App. LEXIS 5469, at *8 (Tex. App.—Houston [1st Dist.] May 2, 2013, pet. ref'd) (mem. op., not designated for publication) (same); *Gutierrez v. State*, No. 04-09-00674-CR, 2010 Tex. App. LEXIS 7203, at *9 (Tex. App.—San Antonio Sept. 1, 2010, pet. ref'd) (mem. op., not designated for publication) (same); *Banuelos v. State*, No. 11-08-00004-CR, 2009 Tex. App. LEXIS 2288, at **9-10 (Tex. App.—Eastland Apr. 2, 2009, no pet.) (mem. op,. not designated for publication) (same); *Dennis v. State*, No. 2-02-098-CR, 2003 Tex. App. LEXIS 4413, at **7-8 (Tex. App.—Fort Worth May 22, 2003, pet. ref'd) (mem. op., not designated for publication) (same).

After considering the Rule 403 factors, we conclude that the trial court did not abuse its discretion in determining that the challenged evidence is relevant and that the probative value of the challenged evidence was not substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403, 404(b); *see also De La Paz*, 279 S.W.3d at 343-44; *Prible*, 175 S.W.3d at 731. We overrule appellant's fourth issue.

**D.    Appellant's Alleged Intent to Commit a Different Robbery**

Appellant also complains about the trial court permitting Delores to testify that appellant and his co-defendant, Bernard Mathis, planned to rob Delores's uncle, LaMont. Specifically, Delores stated that, prior to picking up Crowder, appellant had expressed an intent to rob someone. Delores recalled that appellant and Mathis wanted

to rob LaMont, Delores's uncle who has money and whom Delores refers to as a "sugar daddy." Prior to this testimony, appellant objected under Rule 403 and on relevance grounds.

As a general rule, specific acts of misconduct may not be introduced to impeach a party or a witness. *See Prescott v. State*, 744 S.W.2d 128, 130 (Tex. Crim. App. 1988). However, otherwise inadmissible extraneous-offense evidence may be admissible if a party "opens the door." *See Hayden v. State*, 296 S.W.3d 549, 554 (Tex. Crim. App. 2009). When a party produces evidence tending to create a false impression of his law-abiding behavior, he opens the door for the opposing party to introduce extraneous-offense evidence to correct or rebut the false impression. *See id.* (citing *Daggett v. State*, 187 S.W.3d 444, 452 (Tex. Crim. App. 2005)); *see also Hernandez v. State*, 351 S.W.3d 156, 160 (Tex. App.—Texarkana 2011, pet. ref'd).

On cross-examination, defense counsel asked Delores whether appellant attempted to rob a person Delores met in a motel room while Delores was working as a prostitute for appellant. Delores responded in the negative. In any event, this question supported appellant's defensive theory. In other words, appellant suggested that he could not have robbed Crowder or anyone else because he did not rob the person Delores met in a motel room. Thus, defense counsel's question gave the jury a false impression that appellant had never considered robbing anyone; that the incident involving Crowder was isolated and unrelated to appellant; and addressed appellant's law-abiding behavior with respect to robberies. We believe that this question opened the door to questions about appellant's prior planning and scheme to rob LaMont. *See*

*Hayden*, 296 S.W.3d at 554; *Daggett*, 187 S.W.3d at 452; *see also Hernandez*, 351 S.W.3d at 160.  And because appellant's evidence presented a picture that he is not the type of person to commit the charged offense, we conclude that the prosecution was allowed to impeach Delores's testimony by cross-examining her concerning similar extraneous offenses involving appellant.  *See Wheeler v. State*, 67 S.W.3d 879, 885 (Tex. Crim. App. 2002) ("When a witness presents a picture that the defendant is not the type of person to commit the charged offense, the prosecution may impeach that witness' testimony by cross-examining the witness concerning similar extraneous offenses.").  Accordingly, we find no error in the admission of this testimony.  *See Hayden*, 296 S.W.3d at 554; *Daggett*, 187 S.W.3d at 452; *Hernandez*, 351 S.W.3d at 160; *see also De La Paz*, 279 S.W.3d at 343-44; *Prible*, 175 S.W.3d at 731.  We overrule appellant's fourth issue.

## IV.    THE STATE'S WITNESSES

In his first issue, appellant asserts that the evidence is insufficient to support his conviction because the State's witnesses are not worthy of belief, especially when compared to the corroborated testimony of appellant's alibi witness.

### A.    Standard of Review

"The standard for determining whether the evidence is sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *Johnson v. State*, 364 S.W.3d 292, 293-94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979)) (emphasis in original); *Brooks v. State*, 323 S.W.3d 893, 898-99 (Tex. Crim.

App. 2010) (plurality op.).  The factfinder is the exclusive judge of credibility of the witnesses and of the weight to be given to their testimony.  *Brooks*, 323 S.W.3d at 899; *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008).  Reconciliation of conflicts in the evidence is within the factfinder's exclusive province.  *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000).  We resolve any inconsistencies in the testimony in favor of the verdict.  *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).  We do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure the jury reached a rational decision.  *Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993); *see Harris v. State*, 164 S.W.3d 775, 784 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

We measure the sufficiency of the evidence by the elements of the offense as defined by the hypothetically-correct jury charge.  *Cada v. State*, 334 S.W.3d 766, 773 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).  Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.  *Id.*

The elements of aggravated robbery are:  (1) a person; (2) in the course of committing theft; (3) with intent to obtain or maintain control of property; (4) intentionally or knowingly; (5) threatens another with, or places another in fear or; (6) imminent bodily injury or death; and (7) uses or exhibits; (8) a deadly weapon.  *See* TEX. PENAL CODE ANN. §§ 29.02-.03 (West 2011); *see also Ramos v. State*, No. 01-12-00957-CR,

2014 Tex. App. LEXIS 113, at *36 (Tex. App.—Houston [1st Dist.] Jan. 7, 2014, no pet.) (mem. op., not designated for publication).

**B.      Discussion**

At trial, both Crowder and Delores admitted that they had lied to police numerous times about the events leading up to and including the incident.  Crowder, in particular, explained that he had lied to police because he was afraid he would get in trouble for procuring the services of Delores, a prostitute.  Delores, on the other hand, admitted to initially lying to police because she "didn't trust nobody [sic]."  And though they were together for several hours prior to the robbery, Crowder and Delores gave differing accounts about the events leading up to the robbery.  Nevertheless, both Crowder and Delores identified appellant as a participant in the robbery that resulted in Crowder's money being taken and Crowder being shot.[4]

Later, appellant called Franshelle Childs to testify.  In her testimony, Childs noted that she and appellant spent the night together in a Motel 6 in the Waco area and that she did not observe appellant leave the premises until the next morning.  In support of Childs's testimony, appellant produced a motel receipt indicating that Childs had rented a room at the Motel 6 on the night in question.  Appellant asserts that this testimony conclusively proves that he did not commit the charged offense.

---

[4] Specifically, Crowder and Delores testified that appellant and Mathis entered Delores's apartment just prior to Delores and Crowder having sex.  When appellant and Mathis attempted to take Crowder's money and clothing, Crowder and appellant began fighting.  Delores testified that Mathis shot Crowder because Crowder was winning the fight with appellant.

In fact, using the following hypothetical outlined in *Brooks*, appellant argues that no rational juror could have disregarded the testimony provided by his alibi witness, Childs, which conflicts with the testimony provided by Crowder and Delores:

> The store clerk at trial identifies A as the robber. A properly authenticated surveillance videotape of the event clearly shows that B committed the robbery. But, the jury convicts A. It was within the jury's prerogative to believe the convenience store clerk and disregard the video. But based on *all* the evidence the jury's finding of guilt is not a rational finding.

323 S.W.3d at 907 (emphasis in original).

We disagree with appellant's assertion that Childs's testimony is akin to the properly authenticated surveillance videotape referenced in *Brooks*. On cross-examination, Childs, an individual with numerous criminal convictions, admitted that she took several Tylenol PM pills "with some Crown Royal, of course" on the night she allegedly stayed with appellant at the Motel 6. Childs also acknowledged that the combination of the medicine and alcohol made her go to sleep, though she recounted that she and appellant had sex at some point in time that evening. Thereafter, Childs noted that appellant went outside the motel room to make a phone call; however, she could not remember how long appellant stayed outside because she was drifting in and out of sleep. Based on our review of the record, we cannot say that Childs's testimony is anywhere near as conclusive as a surveillance videotape may be. Accordingly, we are not persuaded by appellant's reliance on the *Brooks* hypothetical.

Ultimately, this case hinged upon a determination of the credibility and demeanor of the testifying witnesses by the jury. With its verdict, the jury clearly believed the accounts provided by Crowder and Delores and disbelieved Childs's

assertion that appellant was with her the entire night when the robbery transpired. And despite numerous conflicts in the evidence, we emphasize that the reconciliation of such conflicts is within the factfinder's exclusive province. *Wyatt*, 23 S.W.3d at 30. Moreover, we resolve any inconsistencies in the testimony in favor of the verdict. *Curry*, 30 S.W.3d at 406. And despite appellant's invitation, we will not second guess the jury's evaluation of the weight and credibility of the evidence. *See Muniz*, 851 S.W.2d at 246; *see also Harris*, 164 S.W.3d at 784.

Therefore, viewing the evidence in the light most favorable to the verdict, we conclude that a rational factfinder could have determined that appellant was a participant in the charged offense. *See* TEX. PENAL CODE ANN. §§ 29.02-.03; *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Johnson*, 364 S.W.3d at 293-94. Accordingly, we hold that the record contains sufficient evidence to support appellant's conviction for aggravated robbery. *See* TEX. PENAL CODE ANN. §§ 29.02-.03; *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Johnson*, 364 S.W.3d at 293-94. We overrule appellant's first issue.

## V.    CONCLUSION

Having overruled all of appellant's issues on appeal, we affirm the judgment of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed September 18, 2014
Do not publish
[CRPM]

